# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

FALICA ELLIS,

    Plaintiff,

v.

CENTERVILLE CJDR, LLC, et al.,

    Defendants.

Case No. 1:19-cv-396

Dlott, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

On May 24, 2019, Plaintiff initiated this litigation by filing a complaint alleging that her former employer discriminated against her on the basis of her sex, in violation of federal law. *See* 42 U.S.C. § 2000e, *et seq.* Although Plaintiff filed her complaint in Cincinnati, the car dealership at which Plaintiff previously worked was located in Centerville, Ohio, in Montgomery County. S.D. Ohio Local Rule 82.1(c) provides that for venue purposes, actions that arise in Montgomery County should be filed in Dayton, Ohio rather than Cincinnati. Citing LR 82.1 as well as the statute allowing for discretionary transfer of venue, 28 U.S.C. §1404, Defendants have moved for transfer of this case to Dayton. Plaintiff has filed a response in opposition, to which Defendants have filed a reply. For the reasons that follow, Defendants' motion will be granted.[1]

---

[1] Many courts expressly considering the issue have concluded that a motion to change venue is a non-dispositive pretrial matter under 28 U.S.C. §636(b)(1)(A). *See, e.g., Pavao v. Unifund CCR Partners, LLP*, 931 F. Supp.2d 1238 (S.D. Ca. 2013) (collecting cases). Although the Sixth Circuit has yet to issue a published decision on that issue, the present motion raises no "dispositive" concerns or even any challenge to venue in this district. Rather, Defendants seek only a discretionary intradistrict transfer.

## I. Background

Plaintiff alleges that at all relevant times prior to her discharge from employment, she was employed with a car dealership doing business as Performance Chrysler Jeep Dodge RAM at its location in Centerville, Ohio ("Centerville CJDR"). She further alleges that she was an "employee" of Centerville CJDR. (Complaint at ¶2). Plaintiff alleges that another Defendant, Matthew Cattran, is the General Manager at the Centerville CJDR, and that Cattran "exercised control and direction over the working conditions of Plaintiff Ellis." (*Id.* at ¶7). However, Plaintiff also named a third Defendant, Devco Holdings, Inc. d/b/a Performance Automotive Network ("Devco"). She alleges that Devco operates as Centerville CJDR's "parent company" and "exerts day to day control over the management and operations of CJDR." (*Id.* at ¶4). Thus, rather than identifying a single employer as is typical under Title VII, Plaintiff alleges that Devco, CJDR, and Cattran all jointly qualify as statutory "employers." (*Id.* at ¶6).

Pursuant to S.D. Ohio Local Rule 82.1(c), suit in this district "shall be filed at the location of Court that serves a county in which *at least one defendant* resides." Although Plaintiff was hired, employed, and supervised at the Centerville CJDR, the parent company, Devco, is located in Fairfield, Ohio. Fairfield falls within Butler County, which is served by the Cincinnati court. (*Id.* at ¶4). As a basis for its motion for discretionary transfer to Dayton, Defendants assert that location would be more convenient for the parties, since virtually all witnesses and events occurred in Centerville.

## II. Analysis

In evaluating the Defendants' motion and Plaintiff's opposition, the Court relies upon the allegations of the complaint. Plaintiff's complaint alleges that based on a pre-

existing business relationship with Defendant Cattran, she reached out to him in November 2017 to inquire about a possible position with a Lexus dealership in Covington, Kentucky. Although Cattran is not alleged to control hiring at the Covington store, Plaintiff explains that she reached out to him as a means of getting "in touch" with the Lexus store. (*Id.* at ¶¶13, 15-17). Through her networking efforts, Plaintiff was able to interview at the Kentucky store. However, after failing to receive an offer of employment from the Kentucky Lexus store, she accepted Cattran's invitation to discuss job opportunities at the Centerville CJDR. (*Id.* at ¶18).

Plaintiff alleges that Cattran initially offered her a "Sales Manager" position, but subsequently changed that offer to a less lucrative Finance Manager position. (*Id.*) Plaintiff alleges that Cattran "informed Plaintiff that she would be a perfect candidate for a Sales Manager position when and if such a position opened up." (*Id.*) In response, Plaintiff accepted the Finance Manager position, sold her home in Northern Kentucky, and rented an apartment in Centerville. (*Id.* at ¶¶18-19, 24). However, contrary to Cattran's statements, Plaintiff alleges that she was never was offered or considered for the General Sales Manager position and that instead, "white men were promoted or offered these positions." (*Id.* at ¶20). Plaintiff alleges that when she confronted Cattran regarding his failure to promote her, Cattran stated that he was "looking for an older male" to fill the position. (*Id.* at ¶25). Plaintiff alleges that she gave notice, explicitly citing discrimination, but in response to that May 2018 notice, Cattran terminated her. Plaintiff alleges discrimination and retaliation, as well as a breach of contract and breach of Ohio Prompt Pay Act. The breach of contract and Ohio Prompt Pay Act claims are based upon Plaintiff's allegation that Defendants failed to pay her a bonus totaling $3,500, which she

3

allegedly earned while working at the Centerville CJDR.

Plaintiff opposes transfer on the basis that a plaintiff should be permitted to select the forum so long as venue is appropriate. Plaintiff asserts that Cincinnati is a permissible venue based upon her inclusion of Devco as a Defendant.

The undersigned concludes, based on Plaintiff's complaint, that Defendants have made a clear and convincing showing that virtually all relevant facts occurred in Centerville, Ohio. In fact, Plaintiff herself resided in Centerville during most of the relevant time period in which the events are alleged to have occurred. Although Devco is located in Butler County, it is clear that no relevant events occurred at the Devco location, other than (at most) some form of phone call or other communication that originated from the Centerville General Manager or the Centerville CJDR.

Plaintiff argues that the fact that an identified Defendant, Devco, is situated in Butler County is in itself sufficient to support venue in Cincinnati.[2] However, the fact that venue may be permitted in Cincinnati does not persuade this Court that it should retain venue in light of the overwhelming evidence that all relevant events occurred in Montgomery County.[3] As Plaintiff herself concedes, intradistrict transfers are typically judged by a less rigorous standard than a transfer out of the district. *Breech v. Liberty Mut. Ins. Co.*, 2015 WL 4465064 at *1 (S.D. Ohio July 21, 2015) (internal quotation and citations omitted). Plaintiff makes much of the fact that, *after* the occurrence of the events

---

[2] Plaintiff alleges that CJDR also is located in Butler County rather than Montgomery County because it is located in Fairfield; however, the Defendants' motion reflects that only its registered agent is located there. There is no dispute that Plaintiff was hired to work, and did work, at the Centerville CJDR located in Montgomery County.
[3] This assumes (without prejudging the issue) that Devco, as a parent company, can be held liable as Plaintiff's statutory employer.

4

that form the basis for this lawsuit, she moved back to Northern Kentucky. Additionally, she points out that, *prior to* the occurrence of the events that form the basis for this lawsuit, she interviewed at a Lexus dealership in Northern Kentucky. Not to overstate the obvious, but events that occurred either prior to or after the critical events that form the basis for Plaintiff's claims have little relevance to the choice of venue.[4] In addition, the referenced Northern Kentucky locations do not support venue in Cincinnati insofar as Northern Kentucky is not within *this* district, the Southern District of Ohio.

The undersigned recognizes that Plaintiff's current residence in Northern Kentucky is physically closer to Cincinnati than to Dayton. However, Plaintiff's decision to file in Cincinnati based on her current residential proximity to this Court is entitled to less deference in light of the fact that her cause of action has such a tenuous connection to Cincinnati, and she does not reside in this district. As Judge Barrett noted on similar facts:

> Less deference is given to the Plaintiff's choice if the forum is not her residence. *See Kay,* 494 F.Supp.2d at 850; *Dayton Superior Corp.,* 288 F.R.D. at 166. In addition, less deference is given to a plaintiff's chosen forum when the cause of action has little connection with the chosen forum. *DRFP, LLC,* 945 F.Supp.2d at 902–03; *see also Residential Fin. Corp. v. Jacobs,* No. 2:13–cv–1167, 2014 U.S. Dist. LEXIS 42745, at *16, 2014 WL 1233089 (S.D. Ohio Mar. 25, 2014) ("As this Court has recognized, however, when none of the relevant conduct occurred in the plaintiff's chosen forum, this factor has less weight.").

*Breech*, 2015 WL 4465064, at *2. Prior to Plaintiff's move to Kentucky at the time the cause of action arose, she lived in Centerville, near Dayton. *Id.* (granting Defendant's

---

[4] Plaintiff's claims arise out of her employment at a dealership in Centerville, Ohio; none of her claims appear to be based on pre-employment interviews at a different dealership in Kentucky.

motion to transfer after noting that when the plaintiff previously resided in Ohio, she resided in the division where the cause of action arose).

Last but not least, public interest factors may be considered, including docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law. *See Svete v. Wunderlich*, 2009 WL 3028995 at *2 (S.D. Ohio Sept. 16, 2009) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947)). In this case, those public interest factors also favor transfer to Dayton.

Ultimately, the decision of whether to transfer venue is committed to the strong discretion of the trial court. *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991). Based on the record presented, the undersigned finds that Defendants have made a strong and convincing showing that this case should be transferred to Dayton.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Defendants' motion to change intradistrict venue (Doc. 10) is **GRANTED;**
2. This case is hereby **TRANSFERRED** to the Western Division of this Court at Dayton.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge