Felix J. Gora, Esq. (0009970)
Attorney for Defendant Devco Holdings, INC.,

PIN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | |
|---|---|
| **FALICA ELLIS,** | Case No. 3:19-cv-00258 |
| Plaintiff, | (Judge Walter H. Rice) |
| -vs- | **PROTECTIVE ORDER** |
| **DEVCO HOLDINGS, INC., et al.** | |
| Defendant. | |

Counsel for the parties agree as stated herein on conditions for the production of all confidential information. Counsel have further agreed that their agreement may be entered by the Court as its Order.

1. "Confidential Material" as used in this Protective Order means documents and information (including deposition testimony) produced by any party or witness in the course of discovery which consists of and/or includes Plaintiff's or Defendant's confidential or proprietary business, financial information, firm our client information including, but not limited to, Plaintiff's or Defendant's financial, and personal information, and all other information designated by the producing party as confidential. Designation of confidentiality shall be made on documents by marking on the face of each document the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". Duplicate copies of documents or transcripts so designated shall be deemed confidential. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within fourteen days of receipt of the transcript or entry of this Order, whichever

is later. Such designation must identify with reasonable particularity the testimony that is to be designated as confidential.

2. This Protective Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential Material, nor does it affect any party's right to assert that in camera review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding Confidential Material.

3. The provisions of this Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable.

4. All Confidential Material provided by any party or witness shall be used solely for the prosecution or defense of this action, and shall not be disclosed in any manner to anyone other than: a) the parties; b) trial counsel, including such attorneys and other employees of their firms as are involved in prosecution or defense of this action; c) consulting experts and professional service providers utilized by trial counsel for the prosecution or defense of this action; d) deponents and affiants, and; e) such other persons to whom respective trial counsel reasonably deems disclosure necessary for prosecution or defense of this action, provided opposing counsel agrees in advance to such disclosure, or the Court otherwise approves such disclosure. Counsel shall instruct all such persons to themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Order.

5. In the event a party wishes to use any Confidential Material in any affidavits, briefs, memorandum of law, or other papers filed in Court in this litigation and after the entry of this Protective Order, such Confidential Material, and only such Confidential Material, and not the entire Deposition, Exhibit or Pleading, shall be filed in a sealed envelope bearing the following designation: "CONFIDENTIAL MATTER SUBJECT TO PROTECTIVE ORDER. IN ACCORDANCE WITH THE AGREED PROTECTIVE ORDER OF THE COURT, THE CONFIDENTIAL MATERIAL INSIDE THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT PERSONNEL OR COUNSEL OF RECORD IN THIS ACTION."

The sealed envelope containing only the Confidential Material shall be maintained under seal by the Court.

6. Upon final disposition of this Action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at that time by the person producing the material. Counsel for the respective parties may retain one copy of all Confidential Material, subject to the remaining provisions of this Protective Order, in their case file.

The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this order.

It is specifically ordered by the Court that production of the Confidential Material is not deemed a waiver of the privileged status of the material.

IT IS SO ORDERED:

_____
Judge Walter H. Rice

Respectfully submitted,

/s/ Felix J. Gora
Felix J. Gora, Esq. (0009970)
Megan M. Fields (0095428)
RENDIGS, FRY, KIELY & DENNIS, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 381-9200
Facsimile: (513) 381-9206
FJG@rendigs.com
MMF@rendigs.com
Attorneys for Defendants

/s/ Chris Wiest
Chris Wiest, (0077931)
Christ Wiest, AAL, PLLC
25 Town Center Blvd., Ste. 104
Crestview Hills, KY 41017
859-486-6850
Attorney for Plaintiff