IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | |
|---|---|
| FALICA ELLIS, | Case No. 3:19-cv-00258 |
| Plaintiff, | (Judge Walter H. Rice) |
| -vs- | **AMENDED PROTECTIVE ORDER** |
| DEVCO HOLDINGS, INC., et al. | |
| Defendants. | |

Counsel for the parties agree as stated herein on conditions for the production of all confidential information. Counsel have further agreed that their agreement may be entered by the Court as its Order.

1. Definitions:

    a. "Disclosing Party" shall mean any party that is disclosing Confidential Information to a Receiving Party.

    b. "Receiving Party" shall mean any party that is receiving Confidential Material from a Disclosing Party.

    c. "Confidential Material" as used in this Protective Order shall mean documents and information (including deposition testimony) produced by the parties in the course of these proceedings which consists of and/or includes confidential or proprietary business and financial information including, but not limited to: notes, charts, reports, summaries, applications, personnel data, appointments, meeting minutes, corporate resolutions, internal memoranda, external memoranda, e-mails, correspondence, nonpublic marketing materials, accounting information, billing records,

1

financial plans, financial reports, load information, internal processes, contracts, business plans, client lists, photographs, drawings, blueprints, graphs, tax returns, referral sources, supplier information, or any other tangible or written materials, and all other information in good faith designated by the parties as confidential. Designation of confidentiality shall be made in any reasonable manner or method that notifies the Receiving Party of the designation and identifies with reasonable specificity the information to which the designation applies. If made verbally, the Disclosing Party must promptly confirm in writing the designation. Whenever reasonably practicable, the Disclosing Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on each designated page of the document or electronic image. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to the Receiving Party within fourteen days of receipt of the transcript or entry of this Order, whichever is later. Such designation must identify with reasonable particularity the testimony that is to be designated as confidential.

(i) For "Attorney's Eyes Only" shall be a designation within Confidential Material that is or may be considered to be sensitive trade secret, confidential, patient, or commercial information, the disclosure of which could result in serious competitive or other harm or that disclosure of which could subject a party to liability. The Attorney's Eyes Only designation restricts the subject document(s) and/or information to be viewed by counsel only. Counsel shall not share, disclose, forward, show, etc. Attorney's Eyes Only materials with the parties or any of the parties'

employees, employers, businesses, associates, agents, contractors, representatives, or assigns. Attorney's Eyes Only materials shall be maintained at all times in the custody of counsel for the parties and shall be secured in a manner designed to prevent any disclosure to persons other than counsel.

      d.    "Qualified Persons" include (1) the Court and its personnel; (2) the law firms representing the parties and their support personnel (including photocopy operators and any independent contractors hired by any party to make photocopies of documents containing Confidential Material); (3) Plaintiff; (4) Defendants; and (5) experts and consultants retained by a party for the preparation or trial of this case, provided that any expert or consultant must first agree in writing to be bound by the terms and conditions of this Agreed Protective Order.

    2.    Confidential Material, other than Attorney's Eyes Only materials, may be disclosed solely to the following persons:

      a.    Qualified Persons;

      b.    Any mediator or arbitrator having authority to act in connection with this litigation;

      c.    Court reporters;

      d.    Persons employed or retained by an independent litigation support company assisting Qualified Persons, including, but not limited to, jury consultants and document management companies, provided that each such person has been provided with a copy of this Agreed Protective Order and has agreed to be bound by this Agreed Protective Order by the execution of an agreement in the form of Exhibit A attached hereto;

e. Experts who are retained by a party to assist in preparation for or to testify at trial, but only after counsel for such party has, in advance of the disclosure, provided such expert with a copy of this Agreed Protective Order and such expert has agreed to be bound by this Agreed Protective Order by executing an agreement in the form of Exhibit A attached hereto; and

f. Potential witnesses who have been disclosed by either party, but only after counsel who is sharing the Confidential Information has, in advance, provided such person with a copy of this Agreed Protective Order and such person has agreed to be bound by this Agreed Protective Order by executing an agreement in the form of Exhibit A attached hereto.

3. Any party objecting to the designation of any document as Confidential Material or Attorney's Eyes Only material shall make a good faith effort to resolve the dispute without intervention of the Court. If the parties are unable to resolve the dispute, the objecting party may submit the issue to the Court. If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

4. Confidential Material shall be maintained at all times in the custody of counsel for the parties or a Qualified Person, and shall be secured in a manner designed to prevent any disclosure to persons who are not Qualified Persons under this Protective Order. Subject to other provisions of this Protective Order, this paragraph does not prohibit counsel from providing copies of relevant information to expert witnesses or consultants

who have agreed to be bound to this Protective Order, or other Qualified Persons. Nor does it prohibit the filing of documents or exhibits in this Court, so long as such documents are filed under seal.

5. Any document not designated as Confidential Material at the time it was originally disclosed, may be so designated at a later time. The document shall then become Confidential Material and shall be treated as such from that date forward.

6. This Protective Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential Material. Those matters are to be address with the Court prior to trial.

7. Nothing in this Protective Order shall be construed in any way to deprive any party or non-party of any rights he/it may otherwise have under, as applicable, the Ohio or Federal Rules of Civil Procedure and the Ohio or Federal Rules of Evidence including, but not limited to: (a) the right to object to any discovery request on any ground; (b) the right to issue subpoenas and/or seek an order compelling discovery with respect to any discovery requests; (c) the right to seek a contested protective order to prevent discovery with respect to any discovery requests; (d) the right to object to the admission of any evidence on any ground; (e) the right to assert the attorney-client privilege or the work-product doctrine; (f) the right to assert any other privilege, claim, or defense, to the use or non-use of such Confidential Material; and (g) the right to use its own documents with complete discretion.

8. All Confidential Material or Attorney's Eyes Only materials provided by Disclosing Party shall be used solely for the prosecution or defense of this action,

including any appeal, and shall not be disclosed in any manner to anyone other than Qualified Persons or as otherwise restricted herein. Counsel shall instruct all such persons to themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Protective Order.

9. Inadvertent production of undesignated Confidential Material or privileged or arguably privileged material shall not be deemed to be: (a) a waiver of the attorney-client privilege; (b) a waiver of the work product privilege; (c) a waiver of any other privilege or objection; or (d) a specific waiver of any such privilege with respect to any such material.

10. Within thirty (30) days after settlement of, or entry of final judgment in this litigation, including expiration of time for appeals or petitions for review, each party, its/his counsel, and each Qualified Person shall return or destroy, as agreed at the time, the original and all copies of each document and thing embodying Confidential Material and Attorney's Eyes Only materials as well as all notes, summaries, digests and machine readable embodiments of the Confidential Material or Attorney's Eyes Only materials to the Disclosing Party, except for such material which has become part of the record in this action.

11. Notwithstanding the foregoing, the provisions of this Protective Order shall continue in effect with respect to any Confidential Material and Attorney's Eyes Only materials and shall survive the entry of the final judgment until: (a) a Disclosing Party expressly authorizes, in writing, the disclosure of such Confidential Material; or (b) the

particular Confidential Material has been declassified pursuant to further order of the Court.

SO ORDERED.

*[signature]*
Judge Walter H. Rice

**AGREED:**

Respectfully submitted,

__/s/ Felix Gora__
Felix J. Gora, Esq. (0009970)
Megan M. Fields, Esq. (0095428)
RENDIGS, FRY, KIELY & DENNIS, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 381-9200
Facsimile: (513) 381-9206
FJG@rendigs.com
MMF@rendigs.com
*Attorneys for Defendants*


__/s/ Christopher Wiest__
Christopher Wiest, Esq. (0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd., Ste. 104
Crestview Hills, KY 41017
v: 859-486-6850
c: 513-257-1895
f: 859-495-0803
chris@cwiestlaw.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | |
|---|---|
| FALICA ELLIS, | Case No. 3:19-cv-00258 |
| Plaintiff, | (Judge Walter H. Rice) |
| -vs- | **AMENDED PROTECTIVE ORDER** |
| DEVCO HOLDINGS, INC., et al. | **(Exhibit A)** |
| Defendants. | |

The undersigned acknowledges having been provided with and having read the Agreed Protective Order in this matter ("Protective Order"). The undersigned further agrees he/she (1) is bound under the Protective Order, (2) will comply with all provisions within the Protective Order, and (3) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

SO AGREED:                  WITNESS:

_____       _____
Signature                                                  Signature

_____       _____
Printed Name                                       Printed Name

_____       _____
Date                                                           Date

2185283